## Jefferis v. Mattson

*Carolus A. Wade,* for plaintiffs.
*William H. Mitman,* for defendants.

PITT, *J.,* July 17, 1974—

### FINDINGS OF FACT

1. Plaintiffs, George H. Jefferis and Muriel A. Jefferis, are adult individuals, husband and wife, and owners of a tract of land containing 22 acres, more fully described in a deed acquired by them in 1937, and of record in the Office for the Recording of Deeds in and for Chester County in Deed Book X-19, Volume 470, Page 28.

2. Plaintiffs, George H. Jefferis, Jr. and Barbara M. Jefferis, are adult individuals, husband and wife, and owners of a tract of land adjacent to land owned by George H. Jefferis and Muriel Jefferis. This land is more fully described in a deed acquired by George H. Jefferis, Jr. and Barbara M. Jefferis on November 14, 1966, and recorded in the Office for the Recording of Deeds in and for Chester County in Deed Book H-37, Page 221.

3. Defendants, John W. Mattson and Dorothy Mattson, are adult individuals, husband and wife, and together with defendant, Gladys Beale, own land contiguous to land owned by plaintiffs.

4. The land of defendants is situated between plaintiffs' land and Glenside Avenue, which is a public road running from Downingtown to Romansville, situated in West Bradford Township, Chester County, Pa.

5. There is a lane or path which emanates from plaintiffs' land and crosses defendants' land where it meets the public road, Glenside Avenue.

6. Plaintiffs and their predecessors in title have used the alleged right-of-way at least 10 to 20 times a year continuously for over 21 years.

7. Defendants have attempted to halt the use of this alleged right-of-way by the use of "fencing" and gates on the roadway in the past four years.

8. No specific authorization was ever given to plaintiffs to use the path in question.

9. The alleged right-of-way passes through a densely wooded area owned by defendants.

10. The area owned by defendants through which the alleged right-of-way passes was never surrounded by fencing nor in any other manner enclosed during the time period involved until December of 1971.

11. Plaintiffs must cross neighboring property to gain access to the public road otherwise.

12. Plaintiffs, George H. Jefferis and Muriel A. Jefferis, usually gain access to the public road by traversing property owned by a neighbor, Mr. Fennimore.

13. Plaintiffs, George H. Jefferis, Jr. and Barbara M. Jefferis, to gain access to the public road, must cross the properties of both Mr. Jefferis, Sr. and Mr. Fennimore.

## DISCUSSION

Plaintiffs in this action seek the utilization of the theory of prescriptive easement to permit them to continue to make use of the lane which crosses defendants' property and allows plaintiffs to gain access to a public road. Plaintiffs assert that a continuously open and hostile use of the alleged right-of-way by them and their predecessors in title for a period of 21 years enables them to continue such use as a matter of right. This controversy arose when defendants attempted to stop plaintiffs' use of the lane through their property in 1970.

We do not address ourselves to the problem of the sufficiency of proof for a prescriptive easement, because we believe that section 21 of the Act of April 25, 1850, P.L. 569, 68 P.S. §411, is dispositive of the entire controversy. Under section 21 of the act, a prescriptive right-of-way cannot be acquired through unenclosed woodland: Stoppy v. Diehl, 59 D. & C. 2d 499 (1972). Unless land is enclosed on all sides, it remains "unenclosed" within the meaning of the Act of 1850: Lotz v. Kutz, 58 Berks 30 (1965). This court believes that once the land in question is considered unenclosed woodland, the Act of 1850 is controlling. The Act of 1850 is so plain it can have only one meaning: Kurtz v. Hoke et al., 172 Pa. 165 (1896). We have found that the land through which the alleged right-of-way in dispute passes was unenclosed woodland until December of 1971 and, therefore, the Act of 1850 operates to effectively blunt the creation of a prescriptive easement. We do not agree with plaintiffs' contention that defendants must sustain the burden of showing that the woodland has been continuously unenclosed since the passage of the Act of 1850. There is no suggestion that the Act of 1850 imposes

such a duty upon the party seeking its application. Thus, we hereby deny plaintiffs the relief prayed, since no prescriptive easement may arise on the facts of this case.

## DECREE NISI

And now, July 17, 1974, the relief prayed for in plaintiffs' complaint is denied and the complaint is dismissed. Unless exceptions are filed to the within adjudication within the time allowed, this decree shall become final.