409 A.2d 45

**COMMONWEALTH of Pennsylvania**

v.

**Leonard HUTCHINSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed Aug. 17, 1979.

Petition for Allowance of Appeal Denied Jan. 16, 1980.

Thomas L. McGill, Jr., Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, HESTER and HOFFMAN, JJ.

HESTER, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County, Criminal

Division. The procedural history and facts relevant to the issues on appeal are as follows:

In the late evening hours of November, 1976, Theresa McGowan, aged fourteen, and Darlene Bacci, aged seventeen, were walking in the vicinity of Ninth and Venango Streets on their way to purchase food. An individual later identified as the appellant grabbed Ms. Bacci by the arm. He indicated he had a gun in his pocket, ordered the girls to accompany him, then ordered them to stand against a wall while he robbed them of approximately twelve dollars. After the robbery, appellant walked the girls to the yard of an abandoned house and demanded that Ms. Bacci remove her slacks. When she refused, he ripped off her chain necklace and punched her in the face. After she removed her slacks and refused to commit oral sodomy, appellant picked up a board approximately two and one-half feet long and threatened to strike the girls unless Ms. Bacci did as he demanded. He then promised Ms. McGowan that both girls could leave if she committed oral sodomy. If she refused, he would strike Ms. Bacci with the board. After Ms. McGowan complied with his wishes, he instructed Ms. Bacci to do the same or he would strike Ms. McGowan with the board. When Ms. Bacci still refused, he struck her in the leg with the board, forcing her to commit oral sodomy. Then, after he removed her underclothing and tampax, he raped her. After ordering Ms. McGowan to remove her slacks and coat, and throwing them over the yard, he left the scene.

Upon locating a police officer near the scene, within minutes, the girls' description of their assailant had been broadcast over the police radio. The description was as follows:

"Negro male in his twenties, about five foot five wearing a tan jacket, blue pants, sneaks. having crooked teeth, and fleeing north on 8th Street towards Rising Sun." (T.21)

The police brought two suspects to the victims for identification without success. A short while later, appellant, whose clothing and physical appearance fit the description, was stopped by the police three and one-half blocks from the

scene. Upon arrival back at the scene, he was individually identified by both victims. Appellant was arrested and charged with Rape, two counts of Involuntary Deviate Sexual Intercourse, and two counts of Robbery.

On May 4, 1977, appellant's motion to suppress physical and identification testimony was denied by the Honorable Angelo A. Guarino.

On September 13, 1977, trial commenced before the Honorable Angelo A. Guarino and a jury. Appellant was precluded from placing into evidence his extrajudicial statement given to the police after arrest which corroborated his in-court testimony.

During cross-examination of the appellant, the Commonwealth referred him to prior inconsistent testimony given at an earlier trial which had ended in a mistrial. He responded that he didn't remember making the prior statements. On rebuttal, by stipulation of defense counsel as to content only, subject to objection, the prior inconsistent testimony was admitted.

On September 23, 1977, appellant was found guilty of all charges. After post-trial motions were denied, appellant was sentenced to a period of incarceration of thirteen to sixty years. This timely appeal followed. .

■ Appellant contends the trial court improperly denied his motion to suppress because there was no probable cause for the arrest. A warrantless arrest is proper if based upon probable cause. Probable cause exists where the facts and circumstances within the knowledge of the arresting officers, and of which they have reasonably trustworthy information are sufficient to warrant a man of reasonable caution in believing that the suspect has or is committing a crime. *Commonwealth v. Trefy,* 249 Pa.Super. 117, 375 A.2d 786 (1977); *Commonwealth v. Murray,* 460 Pa. 53, 331 A.2d 414 (1975). We note that the description broadcast over the radio is distinguishable from those in the cases cited by the appellant.

■ Unlike those in *Commonwealth v. Jackson,* 459 Pa. 669, 331 A.2d 189 (1975); *Commonwealth v. Berrios,* 437 Pa.

338, 263 A.2d 342 (1970); and *Commonwealth v. Hicks*, 434 Pa. 153, 253 A.2d 276 (1969), this was not a general description. Appellant fit the physical description and was dressed in clothing matching that described by the victims when he was arrested just a few blocks from the scene. The separate identifications of the appellant by the victims at the scene were made within minutes of the crime. Furthermore, although two other men were brought back to the scene, both victims indicated that neither of them was their assailant. This occurrence without more does not show that the description broadcast over the radio applied to a large number of people where the description is not general in nature, and the person arrested fits the description given. Since we find probable cause existed for the arrest of appellant, we need not reach the issue that the identification was a direct result of an unlawful arrest. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

■ Appellant next contends the lower court erred in failing to admit his extrajudicial statement given to the police at the time of his arrest tending to corroborate his in-court alibi testimony. From the time of his arrest, appellant offered the alibi that he had "just left his grandmother's house, visiting his mother who had been ill." After appellant's mother and grandmother testified as alibi witnesses, appellant's counsel sought to introduce the above statement during direct examination of the appellant. While conceding that the rule is that a prior statement of a witness is inadmissible to corroborate or substantiate his in-court testimony, he argues that his prior statement should have been admitted as an exception to the rule. *Commonwealth v. Bennett*, 471 Pa. 419, 370 A.2d 373 (1977); *Commonwealth v. Gaddy*, 468 Pa. 303, 362 A.2d 217 (1976). We have noted that, "there are certain well-recognized exceptions to this general rule: Prior declarations of a witness, which are consistent with his present testimony, may be admissible to corroborate his present testimony if it be alleged the witness' present testimony is recently fabricated, or if it be claimed that the witness is testifying from corrupt

motives." "Nevertheless, this testimony, if admissible, is admissible 'only in rebuttal and then only for the purpose of showing that that which the witness now testifies to has not been recently fabricated and not for the purpose of proving the truth of the present testimony.'" *Commonwealth v. Gore,* 262 Pa.Super. 540, 550, 396 A.2d 1302 at 1307 (1978); *Commonwealth v. Wilson,* 394 Pa. 588 at 603, 148 A.2d 234 at 242· (1959).

The admission of such consonant statements is a matter left to the sound discretion of the trial judge taking into consideration the character and degree of impeachment. *Commonwealth v. Gore,* supra; *Commonwealth v. Marino,* 213 Pa.Super. 88, 245 A.2d 868 (1958).

■ Since appellant had not been cross-examined by the Commonwealth at the time he sought to introduce the consonant statement, he cannot contend the Commonwealth had implied that the testimony was recently fabricated. Trial counsel made no further attempt to place this evidence into the record on rebuttal. Appellant further contends the Commonwealth's cross-examination of the two prior alibi witnesses implied that his testimony was recently fabricated. However, the exception clearly applies only where an individual's testimony has been challenged as recently fabricated, not where the credibility of other witnesses for the defense is tested on cross-examination. Therefore, the trial court did not abuse its discretion in refusing to admit the consonant statement into evidence.

■ Finally, appellant argues the trial court erred in admitting the Commonwealth's rebuttal evidence consisting of his testimony given at a previous trial which·ended in a mistrial. More specifically, appellant testified on direct-examination that he had a pair of pants with him at the time of his arrest, purchased that day at an Army-Navy store on Broad Street, that he made no phone calls while at his grandmother's house, and that he was not familiar with the location of the crime, 8th and Venango Streets. On cross-examination, appellant was asked if he recalled testifying under oath earlier that he purchased the pants at Mannin's Department Store, that he had called his girlfriend while at

his grandmother's, and that 8th and Venango Streets, the scene of the crime, was a few blocks from his grandmother's residence. Appellant responded that he did not remember making those statements. On rebuttal, the Commonwealth introduced the earlier testimony given by the appellant. Appellant contends it is improper rebuttal evidence because the defendant only stated he did not remember making the earlier statements. However, a careful review of the record indicates appellant's in-court testimony contradicted the earlier testimony and thus was admitted properly on rebuttal, not as substantive evidence, but for purpose of impeachment. *Commonwealth v. Brewer*, 479 Pa. 558, 388 A.2d 1071 (1978); *Commonwealth v. Hickman*, 453 Pa. 427, 309 A.2d 564 (1973).

Accordingly, the judgment of sentence is affirmed.

CERCONE, President Judge, concurs in the result.