## Babcock Enterprises, Inc. v. The Wilderness Club

*William R. Carroll,* for plaintiff.
*Theodore Goldberg,* for defendants.

COFFROTH, *P.J.,* July 28, 1982 — This action to quiet title brought by plaintiff landowner claiming a prescriptive right of way easement over the adjoining land of defendants, is now under advisement for decision following nonjury trial.

There are two issues involved: (1) whether plaintiff's evidence sufficiently establishes the requisite 21 years' adverse use of a road across defendants' land by plaintiff, its predecessors in title and others, and (2) if so, whether defendants have established that the road "passes through uninclosed[sic] woodland" with the legal result that "no right of way shall be . . . acquired by user" as provided in the Act of 1850 P.L. 569 §21, repealed by the Act of 1974 P.L. 867 §19, re-enacted by Act of 1981 P.L. 198 §1, 68 P.S. §411.

## DISCUSSION

### Prescriptive Use

The burden rests upon the party claiming an easement, plaintiff in this case, to prove the easement's creation and existence clearly. Becker v. Rittenhouse, 297 Pa. 317 (1929); Brady v. Yodanza, 269 Pa. Super. 24 (1979); Bush v. Zamulinsky, 18 Chester 265 (1970). Whether the testimony of the witnesses in this case presents that clear proof is sharply contested. We are aided by our view of the premises which shows a vehicular cartway marking the location of the claimed right of way; it is old and not recently used, but is virtually unobstructed (except for a mound of earth recently placed there by defendants) and is well defined on the ground. Our observations at the view tend to corroborate plaintiff's witnesses as to adverse user.[1] Although we are inclined to conclude that the requisite adverse user has been established, we rest our decision on the second issue presented under the Act of 1850 above cited and therefore need not undertake a review of the testimony on adverse user.

### Act of 1850 — Unenclosed Woodland

After the close of the pleadings (complaint, answer with new matter, and reply to new matter), defendants filed a motion for summary judgment on the ground that, assuming sufficient proof of adverse user, the record establishes as a matter of

---

1. Defendants' brief also contends that if an easement was created, its nonuser "throughout the prescriptive period" demonstrates abandonment. But the question of abandonment was neither pleaded nor tried; moreover, mere nonuse of an easement does not show abandonment, no matter how long continued. Sabados v. Kiraly, 36 Somerset L.J. 1 (1976), affirmed 258 Pa. Super. 532 (1978).

law that no right of way can legally exist under the provisions of the Act of 1850, because the road passes through unenclosed woodland. We denied that motion because, as stated in our order of October 13, 1981, the court was "unwilling to determine on the present record whether the land is in fact woodland and is unenclosed without further depiction of the precise condition of the property photographically or by view." The trial was then continued over the winter months awaiting suitable weather conditions for a view which was then held as above noted, on the joint motion of all parties.

The view of the premises clearly showed that the land in question is unenclosed woodland.[2] The lands are located virtually atop the crest of Allegheny Mountains near the boundary line between Somerset and Bedford Counties. It is forested land; the indications are that it is regrowth timber following a cutting around the turn of the century. The only enclosure of any consequence is wire fencing of the Poorbaugh tract which adjoins both parties for a short distance, and which is insignificant as an enclosure of the land here involved. While the burden of proving that the claimed right of way passes through unenclosed woodland rests on the party asserting it, defendants here, as we previously held in this case, see Babcock v. Wilderness Club et al, 37 Somerset L. J. 329, 14 D.&C.3d 115 (1979), that burden has been clearly met which prevents recovery here by plaintiff.

---

2. A portion of defendants' land has recently been developed by the construction of vacation residences, as a result of which defendants barred plaintiff and others from use of the road.

The Act of 1850 provides as follows:

## "ACQUISITION OF WAYS"

§411. None through uninclosed woodland·

"No right of way shall be hereafter acquired by user, where such way passes through uninclosed woodland; but on clearing such woodland, the owner or owner thereof shall be at liberty to enclose the same, as if no such way had been used through the same before such clearing or inclosure: "Provided: That the provisions of this section shall in no way affect any suit or suits now pending in any of the courts of this commonwealth in relation to any right of way or any other matter embraced in this section." 1850, April 25; P.L. §21.

That act was repealed generally by the Act of December 10, 1974 P.L. 867, §19. It is generally accepted that the repeal was inadvertent, and that therefore the substance of the statute was reenacted by the Act of 1981 P.L. 198 §1 which provides as follows:

"§411. None through uninclosed woodland

"No right of way shall be hereafter acquired by user, where such way passes through uninclosed woodland; but on clearing such woodland, the owner or owners thereof shall be at liberty to enclose the same, as if no such way had been used through the same before such clearing or enclosure."

As amended 1981, July 1, P.L. 198, No. 61 §1, imd. effective.

Section 2 of the 1981 Act further states:

"This Act shall take effect immediately and shall be retroactive to December 10, 1974, and shall be construed to continue the law on this subject which was in effect immediately prior to said date.""

The foregoing sequence of events has raised questions here concerning the status and effect of

the statutes between the repeal in 1974 and the re-enactment in 1981. But, under any view of the matter, the instant case is not affected by those questions because neither plaintiff nor any predecessor in title acquired any right of way easement prior to 1850, see Zartman v. Becker, 35 Lanc. 27 (1918), and because it is not possible for plaintiffs to establish 21 years' adverse use since repeal and free from statutory prohibition. On effect of the repeal, see: Millhimes v. Legg, 68 D.&C.2d 412, 414 (1975); Bear v. Yuda, 17 D.&C.3d 706, 31 Cumberland 34 (1980); Babcock v. Wilderness Club, supra, 37 Somerset Legal Journal at 331, 14 D.&C.3d at 117. On constitutionality of the 1981 Act's provision for retroactivity, see: Costa v. Lair, 241 Pa. Super. 517 (1976); compare Bellomini v. State Employees Retirement Board, 498 Pa. 204, 445 A.2d 737 (1982).

Counsel for plaintiff argues for inapplicability of the statute on several grounds, as follows:

(1) First, it is contended that the occasion for enactment of the statute was the uncertainty arising from the lack of clear and definite location of woodland roads and paths, and since the present road is clearly marked and definitely located it does not fall within the purpose and applicability of the Act. There is some judicial speculation that such was the or at least an object of the legislation. See: Hartman v. Webster, 33 Dauphin 199, 204 (1930); Nicolet Industries Inc. v. Marial Corp., 32 Dauphin 312 (1929), 33 Dauphin 199 (1930). In Modic v. Gelesh, 21 Cambria 174 (1960) Judge McDonald said this (181):

"The term 'woodland' defies a simple definition. Its meaning under the Act of 1850 must be examined in the light of conditions then existing. Prior to that date it was possible to acquire a prescriptive right-of-way through uninclosed woodland. Worall

v. Rhoads, 2 Whart. 427; Reimer v. Stuber, 20 Pa. 458. There were at that time, great areas of virgin timber, often economically unsound to enclose. Too, it was difficult to defend against the acquisition of a prescriptive way through such tracts, often undetected, and changing in route because of new growth or other obstruction. Against the backdrop of these conditions, the Act was passed to protect the owners of such woodland. It is not to be inferred it applies only to virgin timber and large tracts. Certainly, areas which have been cleared, may again assume the character of woodland by reforestation." While that statement recognizes the problem of shifting routes through woodland as a factor in the enactment, it also recognizes the factor (probably the most influential) of the difficulty an owner of woodland has in learning of hostile right-of-way use of such land, making it unfair to apply the rules of prescriptive user whose very basis is activity which is open and notorious. While the cases cited which hold that use of a shifting or uncertain route cannot establish a prescriptive easement are undoubtedly correct,[3] it does not follow that if the route is certain and well defined it is exempt from the statute. The statutory language is plain and unconditional, and the courts have said that "it is evident that the character of the land itself is determinative of the application of the Act of 1850", Humbertson v. Humbert, 267 Pa. Super. 518, 520-521 (1979), and that

"The act is so plain, that it admits of but one meaning, viz: that a right by prescription to a road through unenclosed woodland cannot be obtained." Kurtz v. Hoke, 172 Pa. 165, 173 (1896).

3. Conn v. Pennsylvania Railroad, 288 Pa. 494 (1927) Kurtz v. Hoke, 172 Pa. 165 (1896); Brake v. Crider, 107 Pa. 210 (1884.)

Accord: Minteer v. Wolfe et al, 300 Pa. Super. 234, 242, 446 A.2d 316, 320-321 (1982).

(2) Second, it is argued that the land, having been once cleared of timber, is no longer woodland. While it is true that in order to come within the statute the land must be woodland in fact, not merely brush land which has been cleared of timber (Hartman v. Webster, supra, 202) or left as waste land after being cleared (Modic v. Gelesh, supra, 181), or the like, the term "cleared" must be clarified; it refers to land which has been permanently deforested, not to land which has been timbered or cut over and then allowed to regrow as woodland. Unless that it is so, only virgin timber is woodland, which is not what the statute says or requires as Modic v. Gelesh, quoted supra, expressly states. We also note that if any part of a claimed right of way over another's land goes through woodland, the whole is disqualified under the statute, so firm is its application. See: Kurtz v. Hoke, supra; Trexler v. Lutz, 180 Pa. Super. 24 (1955).

## NISI NONJURY DECISION

Now, July 28, 1982, plaintiff's complaint is dismissed with prejudice, costs on plaintiff. The prothonotary shall on praecipe enter this Decision as the final judgment under Civil Rule 1038(e), unless exceptions are filed within ten days under Civil Rule 1038(d). See also Civil Rule 1067.