DISSENTING OPINION
BY JUDGE McCullough
I respectfully dissent because I do not bélieve that Windham Township (Township) can acquire a right of way which is per se prohibited by law.
First, I disagree with the Majority that the Act of 1850[1] does not have any application where a public road already exists.[2] The Pennsylvania Supreme Court in Kurtz v. Hoke, 172 Pa. 165, 33 A. 549, 550 (1896), held that the existence of a public road does not foreclose a- challenge to a purported easement-by prescription. Similarly, here, Wyoming Land Conservancy, Inc. (WLCI) should not be precluded from challenging the Township’s authority to utilize Cemetery Road as a public right of way, especially where a statute explicitly precludes such action by the Township.
More importantly, as the Majority notes, section 21 of the Act of 1850 provides that:
No right of way shall be hereafter acquired by user, where such way passes through unenclosed woodland; but on clearing such woodland, the owner or owners thereof shall be at liberty to enclose the same, as if no such way had been used through the same before such clearing or enclosure.
68 P.S. § 411, The Township asserted in its .preliminary objections, filed in 2014, that Cemetery Road existed on the property, of WLCI for at least 145 years. Even accepting this assertion as true, the existence of Cemetery Road can only be established as far back as 1869, while the Act pre-dates said existence by approximately nineteen years. The Act explicitly precludes any user from acquiring a right of way where the same passes through unenclosed woodland. Contrary to the Majority, the Act does not only prohibit the acquiring of a “prescriptive easement,” it prohibits a user from acquiring any right of way. (Op. at 915.)
The Courts of this Commonwealth, in interpreting -.the Act, have consistently held that a prescriptive easement may not be acquired through unenclosed woodland. See Kurtz; Tomlinson v. Jones, 384 Pa.Super. 176, 557 A.2d 1103, 1105 (1989); Humberston v. Humbert, 267 Pa.Super. 518, 407 A.2d 31, 32 (1979); Trexler v. Lutz, 180 Pa.Super. 24, 118 A.2d 210, 211 (1955). Indeed, in Kurtz, our Supreme Court found that the common pleas court erred in instructing a jury that a roadway which traversed through the plaintiff’s unenclosed woodland for more than twenty-one years could give rise to a right-of-way by prescription, holding that the unenclosed woodland statute was “so plain, that it admits of but one meaning, viz: that a right by prescription to a road through uninclosed [sic] woodland cannot be obtained.” Kurtz, 33 A. at 550.
*918 Our Supreme Court’s decision in Martin v. Sun Pipe Line Co., 542 Pa. 281, 666 A.2d 687 (1995), while procedurally distinguishable, is also instructive. In that case, a landowner in 1930 had granted an easement to Susquehanna Pipe Line Company (a predecessor in interest to Sun Pipe Line Co.)' for’ the purpose of laying and maintaining a petroleum pipeline across his property. A controversy arose on two separate occasions when Sun Pipe Line Co, entered the property without the knowledge of the current owners, Raymond and Joan Martin, and expanded the width of the easement. While the Martins alleged no knowledge of the pipeline, which was underground, Sun Pipe Line Co. asserted that it had maintained a continuous program of maintenance and repair since the inception of the easement in 1930.
In 1991, the Martins filed suit alleging that Sun Pipe Line Co.’s right of way terminated upon the death of the original landowner/grantor. Following pleadings, the Martins filed a motion for summary judgment claiming that they were the sole owners of the property and that Sun Pipe Line Co. was statutorily barred from asserting any right or interest in the proper-' ty- pursuant to section 21 of the Act.[3] Sun Pipe Line Co. filed a cross-motion for summary judgment asserting, inter alia, a prescriptive easement over the property.[4] The common pleas court ultimately granted the Martins’ motion and denied Sun Pipe Line Co.’s motion. The Superior Court vacated the order of the common pleas court and remanded for trial on the merits. However, our Supreme Court reversed and reinstated the order of the common pleas court, holding that the common pleas court properly granted the Martins’ motion for summary judgment “[b]e-cause the acquisition of a prescriptive easemeM tkrough ‘unenclosed woodland’ is prohibited by statute.” Id. at 638 (emphasis added).
Our Supreme Court concluded that no material issue of fact existed regarding whether Sun Pipe Line Co. had acquired a prescriptive easement over the property because section 21 of the Act had been consistently interpreted as holding that “a prescriptive easement may not be acquired through unenclosed woodland.” Id. at 640 (emphasis added). It is clear that our Supreme Court recognizes an absolute prohibition to acquiring a prescriptive easement over unenclosed woodlands.
Nevertheless, the Majority concludes that any assertion regarding the issue of unenclosed woodlands is waived as it was not raised below. The United States Supreme Court has weighed in heavily on the issue of waiver regarding, questions that may be taken up and resolved for the first time on appeal where the proper resolution is beyond any doubt, Turner v. City of Memphis, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762 (1962), or where “injustice might otherwise result,” Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 85 *919 L.Ed. 1037 (1941). See also Singleton v. Wulff, 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (reversing decision of Court of Appeals for the Eighth Circuit that addressed the merits when the only issue below was standing of the plaintiffs and holding that injustice was more likely to be caused than avoided by deciding the issue without allowing parties an opportunity to be heard). In Singleton, the United States Supreme Court explained the general rule that “a federal appellate court does not consider an issue not passed upon below,” as to issues raised for the first time on appeal, but the Court went further to emphasize that:
The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts;of appeals, to be exercised on the facts of individual cases. We announce no general rule. Certainly there are circumstances in which a federal appellate couH is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt, see Turner v. City of Memphis, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762 (1962), or where ‘injustice might otherwise result.’ Hormel v. Helvering, 312 U.S. [552,J 557, 61 S.Ct. 719, 85 L.Ed. 1037 [ (1941) ] ... [Injustice was more likely to be caused than avoided by deciding the issue without petitioner’s having had an opportunity to be heard.
Id. at 120-21, 96 S.Ct. 2868 (emphasis added).[5]
In Turner, the Court addressed the constitutionality of certain Tennessee state statutes requiring segregation in restaurants that was not addressed below and held the same to be violative of the Fourteenth Amendment to the United States Constitution. In Hormel, the - Court affirmed a decision of the Circuit Court of Appeals for the Eighth Circuit which had reversed a decision of the Board of Tax Appeals and relied on a section of the tax code that was not raised below. The United States Supreme Court in Hormel observed that a “reviewing court should pass by, without decision, questions which were not urged before the Board of Tax Appeals,” but further reasoned that “[tjhere may always be exceptional cases or particular circumstances which will prompt a reviewing or appellate court, where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the court or administrative agency below.” Id. at 556-57, 61 S.Ct. 719. The United States Supreme Court explained that:
Rules of practice and procedure are devised to promote the ends of justice, not to defeat them. A rigid and undeviating judicially declared practice under which courts of review would invariably and under all circumstances decline to consider all questions which had not previously been specifically urged would be out of harmony with this policy. Orderly rules of procedure do not require sacrifice of the rules of fundamental justice.

Id,

Here, the concern is that failure to apply a statutory prohibition to a right “which cannot be obtained,” Kurtz, 33 A. at 550, results in deprivation of a fundamental constitutional right,[6] and a sacrifice of the rules of fundamental justice.
*920 For these reasons, I would reverse the order of the Court of Common Pleas of the 44th Judicial District, Wyoming County Branch and remand to allow evidence on the matter- consistent with this opinion.

. Act of April 25, 1850, P.L. 569, repealed and reenacted and amended by the Act of July 1, 1981, P.L. 198, 68 P.S. § 411.

. We note that-the Majority references section 2307 of the -Second Class Township Code, 53 P.S. § 67307, in its discussion of this issue. However, it seems evident that the Majority is referencing the Act of 1850.

. In the present case, WLCI filed a petition for appointment of a board of viewers for the purpose of vacating a portion of Cemetery Road or, alternatively, seeking compensation for the unlawful taking of its property. WLCI did not address section 21 of the Act in its pleadings. The Township filed preliminary objections asserting, inter alia, a prescriptive easement, which the trial court sustained. WLCI first raised an issue regarding section 21 of the Act in its appeal to this Court.

. Sun Pipe Line Co. asserted that the Martins had raised the issue of section 21 of the Act outside the scope of permissible pleadings, i.e., as new matter in their reply to Sun Pipe Line Co.’s new matter. However, the Supreme Court noted that Sun Pipe Line Co. failed to raise an objection at the time of this alleged defect either by preliminary objection, answer, or reply and, thus, any objection was waived.

. At the very.least,,similar to the outcome of Singleton, a remand may be warranted to the trial court for consideration of the issue of section 21 of the Act.

. Article 1, section 1 of the Pennsylvania Con- . stitution guarantees the right of all men to acquire, possess, and protect property. PA Const, art. 1, § 1. This right is further protected by Fifth and Fourteenth Amendments to *920 the United States Constitution. U.S. Const, amends. V, XIV. The Fifth Amendment provides that no person shall be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation. The Fourteenth Amendment makes these protections applicable to the states.