407 A.2d 31

**Clyde E. HUMBERSTON**

v.

**Paul HUMBERT and Flora Humbert, his wife, and Jackie Shaffer, Appellants.**

Superior Court of Pennsylvania.

Argued April 10, 1979.

Decided July 6, 1979.

Joseph K. Bonidy, Greensburg, for appellants.

William M. Radcliffe, Uniontown, for appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

MONTGOMERY, Judge:

In this equity proceeding to enjoin the defendants from interfering with plaintiff's use of an alleged easement by prescription over defendants' land in Henry Clay Township, Fayette County Pennsylvania, the chancellor found in plaintiff's favor and the defendants appealed to this court.

Two questions are presented to us for decision. Appellants contend that no easement by prescription could have been established because of the Act of April 25, 1850, P.L. 509, Sect. 21, 68 P.S. § 411[1]; and, secondly, regardless of the Act of 1850, no easement by prescription could be found to exist on the evidence presented since it failed to show a use by plaintiff which was open, notorious and continuous for a period of more than twenty one years.

The Act of 1850 provides that "No right of way shall be hereafter acquired by user, where such way passes through uninclosed woodland; but on clearing such woodland, the owner or owners thereof shall be at liberty to enclose the same, as if no such way had been used through the same before such clearing or inclosure;—". The period during which the plaintiff claims his prescriptive right arose was while the Act of 1850 was in effect; viz at least from 1940 to 1964.

The chancellor recognized that the land of the defendants (approximately seven acres) was unenclosed woodland, but

1. Repealed by the Act of December 10, 1974, P.L. 867, No. 293, Sect. 219.

declined to apply the Act of 1850 because "The property is improved to the extent that the owners reside on it. In addition, the road—was well traveled and its use was, in fact, known to defendants."

Flora Humbert acquired title to the land over which the easement is claimed in 1964 and she and her husband, Paul Humbert, have resided thereon in a house built since the time of purchase. The other defendant is their daughter who lives elsewhere and has no interest in the tract.

Plaintiff's complaint was filed in 1977 and in it is an allegation that the road in question was in existence for over 75 years. Thus, the date of its origin was long before the defendants bought and improved the property with a home. If, as the lower court found, the occupancy of the tract after 1964 changed the nature of the tract from unenclosed woodland to improved and occupied property so as to make the Act of 1850 not applicable, sufficient time to establish a prescriptive easement would not have expired since that change. Although we do not accept this theory of change, we think it only necessary to discuss the issue from the character of the land prior to 1964.

Although there is some indefinite evidence that at one time there may have been a shack or an unfinished building on defendants' tract or in the area of it prior to 1964, the plaintiff admitted there had been no other improvements thereon except the one built thereafter. If they ever existed, they had vanished long before 1964. The tract must, therefore, be considered to have been unimproved and unenclosed woodland for most of the period required to establish a prescriptive right of way.

From reading all the Pennsylvania cases on this subject to which our attention has been directed,[2] it is

2. *Brake v. Crider,* 107 Pa. 210 (1884) *Reiner v. Stuber,* 20 Harris Reports 458 (Pa.1853) *Worrall v. Rhoads* 2 Wharton 427 (Pa.1837) *Blaine's Lessee v. Chambers,* 1 Sergeant & Rawles 169 (Pa.1814) *Eble v. Jones,* 158 Pa.Super. 270, 44 A.2d 761 (1945) *Stoppy et ux. v. Diehl et ux.,* 59 Pa.D. & C.2d 499, 64 Berks Co.L.R. 156 (1972) *Hartmen et*

evident that the character of the land itself, is determinative of the application of the Act of 1850. Even when the road claimed passes from a public highway over an open field of the defendant and then through their adjoining woodland, the plaintiff was prohibited by statute from acquiring by prescription a right of way through the woodland, and the easement as a whole, including the right of way through the open field was defeated. *Trexler v. Lutz*, 180 Pa.Super. 24, 118 A.2d 210 (1955). This case is dispositive of the present one and therefore no consideration of the second issue is necessary. The Act of 1850 prohibited the acquisition of a prescriptive easement over defendants' land while it was an unenclosed woodland.

Order reversed and the complaint is dismissed.

PRICE, J., concurs in the result.

*ux., et al. v. Webster,* 32 Dauphin Co. 312 (1929) *Commonwealth v. Ulrich,* 16 Lanc.L.R. 300 (1899).