557 A.2d 1103

**Gerry P. TOMLINSON & Bettina L. Tomlinson**

v.

**Charles A. JONES & Sharon L. Jones, Appellants.**

Superior Court of Pennsylvania.

Submitted Feb. 1, 1988.

Filed May 2, 1989.

Harry V. Klein, Jr. Sunbury, for appellants.

Myron M. Moskowitz, Shamokin, for appellees.

Before TAMILIA, POPOVICH and JOHNSON, JJ.

JOHNSON, Judge:

Charles Jones and Sharon Jones appeal from the order of the trial court requiring them to remove from their property a barricade which prevented Gerry Tomlinson and Bettina Tomlinson, Appellees, from making continued use of an easement across the Appellants' property for egress and ingress to their own home. We affirm.

The Appellees live on land-locked property in West Cameron Township, Northumberland County. Since buying their home in 1986, the Appellees have made continuous use of a roadway that extends across the Appellants' private property in order to reach their land from Legislative Route 49012. The Appellees can only access their property from legislative route 49012 by use of the roadway in question. The trial court found that the roadway has been used and in certain instances maintained by the Appellees and their predecessors in title since the turn of the century.

The dispute between the parties arose in April, 1987 when the Appellees filled potholes on the roadway with gravel in order to permit easier passage on the roadway. After the Appellants discovered that the gravel was placed on the roadway they decided to barricade the road to prevent its use by the Appellees. The Appellees brought an action in equity asking that the Appellants be ordered to remove the barricade since the Appellees had acquired an easement either by prescription, implication or necessity over the roadway. A hearing in this matter commenced before the Honorable Samuel C. Ranck on December 10, 1987. On July 15, 1988, having found that the Appellees were entitled to an easement by prescription, Judge Ranck entered an order directing that the Appellants remove the barricade and refrain from further interfering with the Appellees use of the easement. The Appellants' motions for post-trial relief were filed and denied. This appeal is taken from entry of the final decree.

Initially, the Appellants argue that the Appellees could not have acquired an easement by prescription since the Appellants' roadway transverses private uninclosed woodland property and is therefore subject to 68 P.S. 411 which provides in pertinent part:

No right of way shall be hereafter acquired by use, where such way passes through uninclosed woodland; but on clearing such woodland, the owner or owners thereof shall be at liberty to enclose the same, as if no such way had been used through the same before such clearing or inclosure.

"The character of the land itself is determinative of the application of the Act of 1850." *Minteer v. Wolfe,* 300 Pa.Super. 234, 242, 446 A.2d 316, 321 (1982) *citing Humberston v. Humbert,* 267 Pa.Super 518, 521, 407 A.2d 31, 32 (1979). After viewing the property in question, the trial court was satisfied that the area was a woodland within the meaning of the act. The trial court, however, declined to apply 68 P.S. 411 to the facts in this case. It found that the Appellants and their predecessors were well aware of the roadway's use by owners of adjacent properties and therefore the statute's purpose of protecting owners who were not aware of trespassers and who could not afford to enclose their expansive properties would be unavailing. The Appellants ask that we find that the trial court erred by concluding that 68 P.S. 411 was inapplicable even though this was woodland property.

The findings of the trial court will not be disturbed absent a clear abuse of discretion or error of law. However, this court is not bound by the lower court's legal conclusions and is free to draw its own inferences and conclusions from the established facts. *Minteer v. Wolfe,* 300 Pa.Super. at 238, 446 A.2d at 318. We conclude that Appellees acquired an easement by implication which is an easement not prohibited by 68 P.S. 411. Accordingly, we do not reach Appellants contention that 68 P.S. 411 should be applied to prevent the acquisition of a prescriptive easement under the facts of this case.

An easement by implication is acquired where the intent of the parties is clearly demonstrated by "the terms of the grant, the surroundings of the property and other *res gestae* of the transaction." *Thomas v. Deliere*, 241 Pa.Super. 1, 4, 359 A.2d 398, 399 (1976). Pennsylvania has adopted the Restatement of Property view of determining when a easement by implication arises. *Thomas v. Deliere*, 241 Pa.Super. at 5 n. 2, 359 A.2d at 400 n. 2. Under this view an easement by implication exists where an inference of the intention of the parties arises from the surrounding circumstances. Restatement of Property § 476, comment (a). Several factors may be considered when discerning the parties intent:

> [w]hether the claimant is the conveyor or the conveyee, (b) the terms of the conveyance, (c) the consideration given for it, (d) whether the claim is made against a simultaneous conveyee, (e) the extent of the necessity to the claimant, (f) whether the reciprocal benefits result to the conveyor and the conveyee, (g) the manner in which the land was used prior to its conveyance, and (h) the extent to which the manner of prior use was or might have been known to the parties.

Restatement of Property § 476. The extent to which an easement is necessary under the circumstances is a factor heavily weighed in determining whether an easement should be implied. *Id.* We note in this regard that the Restatement of Property does not retain the historical distinction between easements acquired by implication or those acquired of necessity but rather requires a balancing of all relevant factors to ascertain the inference of intent.

■ We believe the record sufficiently demonstrates that the Appellees acquired an easement by implication.

> When a right or title is of ancient origin or where the transaction under investigation is so remote as to be incapable of direct proof ... the law, of necessity, relaxes the rules of evidence and requires less evidence to substantiate the fact [in] controversy.

*Minteer v. Wolfe*, 300 Pa.Super. at 240, 446 A.2d at 319 *citing Hostetter v. Commonwealth*, 367 Pa. 603, 606, 80

A.2d 719, 720 (1951). The last owner of both the dominant and servient estates, prior to their severance in 1897, was Amanda Whary.[1] Amanda Whary divided the property by separately selling each tract, first the dominant estate to Mary Whary in 1897 and then the servient estate to Pierce Wehry in 1902. At trial, the Appellees established use of the roadway by the dominant estate owners at least as far back as the Ressler family in 1952. The evidence further indicates that owner Mary Whary (owner of the dominant estate 1897–1952) and the members of the Gotaskie family (owners of the servient estate 1937–1968) are deceased. Given the span of time which has passed since the properties were divided in 1897, there is very little direct evidence on the issue of Amanda Whary's intent.

Given the unlikelihood of providing direct proof that Amanda Whary intended to give subsequent owners of the Appellees' tract an easement, we must look to the surrounding circumstances. The trial court found that the roadway passing over the Appellants' property is the only access which the Appellees have to their land. The Appellants admit that they are unaware of any other roadway and the Appellees testified that no other roadway exists. Neither land survey submitted by the parties discloses any roadway other than the disputed roadway and a path, also on the Appellants' property, not passable by vehicle, which extends therefrom. The trial court's finding is also buttressed by evidence suggesting that this is the only roadway known to have been used by the succeeding owners in title since the Ressler family received ownership in 1952, some thirty-seven years ago. Use of this roadway by the Ressler family until present day is unchallenged. Where the servient estate abuts a public roadway and the only access to the dominant estate is by easement over the servient estate, and where the properties were originally held jointly, it has

---

1. The name "Amanda Whary" on the Appellees' chain of title appears as "Amanda Wehry" on the Appellants' chain of title. It is evident by the chains of title of both parties that Amanda Whary and Amanda Wehry are the same individual. We believe the variation in this owner's last name to be simply a typographical error and therefore she will heretofore be referred to as Amanda Whary.

long been the rule that an easement arises of necessity. *Soltis v. Miller*, 444 Pa. 357, 282 A.2d 369 (1971).

The facts also show that Amanda Whary sold the dominant estate, then encompassing 80 acres and 60 perches, to Mary Whary for the nominal amount of $8.38, thereby suggesting that Mary Whary may have been a relative. Thus, we think it reasonable to believe that the land was transferred with the intent that Mary Whary have access to her property over the roadway which apparently has existed since her ownership. Mary Whary then devised this property to her daughter Madeline who sold the property some seven months later to the Ressler family which also used the roadway for passage. In addition, the record discloses that the owners of the servient estate have benefitted for years from the dominant estate owners use of the roadway. As far back as 1954, the Balonis family, owners of the dominant estate at that time, permitted their farming equipment to be used to maintain the roadway. Because the Appellees' property can be accessed only by the roadway and because the roadway has been used by generations of families living on the land without objection, we find that the record discloses the inference of an intent on the part of Amanda Whary, upon dividing the land, to permit owners of the dominant estate to use the servient estate for passage. Accordingly, an easement by implication is proper.

The Appellants next contend that even if the facts support the existence of an easement by necessity or implication, to permit such easement would be contrary to the apparent intent of 68 P.S. 411 to prevent any right of way from being acquired. The Appellants point to no authority for this proposition, nor have we found any. The cases which discuss this statute uniformly treat this provision as prohibiting prescriptive use. Neither does 68 P.S. 411 implicitly include within its meaning a prohibition against easements arising of necessity or implication. Given the statute's apparent purpose to protect woodland property owners against unknown and undesired encroachment upon their property rights, we find that this statute has no applicability were an easement has arisen by implication or

necessity. In the former case, the dominant estate owner is deemed to have intended the use implied and in the latter, the use arises as a matter of public policy to prevent land from remaining unusable. 3 Powell on Real Property 410–411 (1970).

In conclusion, we find that the Appellees have acquired an easement by implication. Therefore, the trial court's order directing the Appellants to remove the barricade from the roadway in question and to refrain from further interference with the Appellees use of the roadway is proper.

Judgment affirmed.[2]

**2.** Judgment was entered on April 13, 1989 pursuant to Pa.R.A.P. 905(a).