666 A.2d 637

**Raymond S. MARTIN and Joan W. Martin, His Wife, Appellants,**

v.

**SUN PIPE LINE COMPANY, Appellee.**

Supreme Court of Pennsylvania.

Argued April 27, 1995.

Decided Sept. 20, 1995.

282

Peter J. Hoegen, Jr., Francis J. Hoegen, Eugene C. Kelley, Wilkes Barre, for Raymond and Joan Martin.

Garry S. Taroli, Patricia A. Ermel Lakhia, Willkes Barre, for Sun Pipeline.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

### OPINION OF THE COURT

CASTILLE, Justice.

This appeal concerns a dispute over whether an easement, which was granted to the Sun Pipe Line Company ("Sun Pipe Line") pursuant to a life estate, turned into a prescriptive easement by virtue of Sun Pipe Line's alleged use of that easement after the termination of the life estate. Because the acquisition of a prescriptive easement through "unenclosed woodland" is prohibited by statute, we hold that the trial court was correct in granting appellants' motion for summary judgment.

The relevant facts establish the following: On August 22, 1928, John N. Staub recorded a deed, reserving a life estate to the property in question in himself and his wife Mary, and naming his son Nicholas as the remainderman.[1] On July 18, 1930, two years after becoming a tenant for life to the property, John N. Staub granted an easement to the Susquehanna Pipe Line Company (Sun Pipe Line's predecessor in

---

1. As recorded, this deed stated in part:

 It is also understood and agreed in full consideration the said John N. Staub and Mary H. Staub, his wife, shall remain upon the said premises above described for and during their natural lives in the same manner and like privileges as they now enjoy.

 Luzerne County Deed Book 675 at Page 392.

interest) for the consideration of one dollar for the purpose of laying and maintaining a petroleum pipeline. The easement stated in pertinent part:

"[John W. Staub] do hereby grant to Susquehanna Pipe Line Company, its successors and assigns ... the right to lay a pipeline and maintain, operate, repair and remove said line at any time on, over and through [the premises] ... *insofar as grantor has the right to do so,....*"

Luzerne County Deed Book 675 at Page 581 (emphasis added). Sun Pipe Line's predecessor built an underground pipeline through the property that same year.[2]

In 1942, as the result of his parent's death, Nicholas Staub took title in fee simple to the premises. Upon Nicholas' death in 1969, his wife Clare took sole title to the premises as the surviving tenant by the entireties. On March 6, 1970, Clare Staub sold the premises to appellants in this matter, Raymond and Joan Martin.

This controversy began approximately seventeen years later when in April of 1987, Sun Pipe Line entered appellants' premises, without their knowledge or permission, and expanded the width of the 1930 easement from 10 to 15 feet to approximately 20 feet by cutting down numerous trees and other plant life in order to maintain, repair and lay new pipeline. In April of 1989, Sun Pipe Line again entered the woodlands without permission and expanded the width of the easement in excess of 40 feet. Appellants contend that they were unaware of the existence of the underground pipeline at the time they purchased the premises and remained so until Sun Pipe Line entered the premises in 1987. Sun Pipe Line, however, asserts that they have maintained a continuous

---

2. The property (the "premises") originally owned by John Straub, and later deeded to appellants (as discussed herein), is divided into two parcels of land. The first is a twenty-eight acre parcel which now includes appellants' residence. The second, which is catercorner to the first, is a five acre parcel of land. The underground pipeline traverses this second parcel of land. Although both parcels are heavily forested, the second is more densely forested than the first.

program of pipeline maintenance and repair since the inception of the easement in 1930.[3]

In 1991, appellants filed suit alleging that Sun Pipe Line's right-of-way terminated upon the death of John Staub in 1942 and that appellants should be declared sole owners of the premises. Appellants also sought monetary relief for the trees and other plant life that were cleared by Sun Pipe Line. Following pleadings, appellants filed a motion for summary judgment claiming that they were sole owners of the premises and that Sun Pipe Line was statutorily barred from asserting any right or interest in the premises pursuant to the unenclosed woodland statute, 68 P.S. § 411.[4] Sun Pipe Line filed a cross-motion for summary judgment alleging that: (1) at the time the easement was entered, the grantor intended the easement to be perpetual, (2) an easement had been created by implication, or (3) a prescriptive easement had arisen over appellants' property. Sun Pipe Line also contended that the premises were not unenclosed woodland.

After reviewing the motions, the trial court determined that the 1930 easement was not perpetual because it was granted pursuant to John Staub's life estate which ended in 1942. The trial court also dismissed Sun Pipe Line's contention that an easement had arisen by implication. More significantly, the trial court determined that the premises were properly considered "unenclosed woodland," and thus concluded that Sun Pipe Line was prohibited from acquiring a prescriptive ease-

3. We note that although Sun Pipe Line provided the trial court with a detailed affidavit concerning the customary procedures Sun Pipe Line utilizes in maintaining its petroleum pipelines, the affidavit fails to point out when or if these activities were carried out on the pipeline in question.

4. Sun Pipe Line contends that 68 P.S. § 411 was raised outside the scope of permissible pleadings. Specifically, Sun Pipe Line asserts that the unenclosed woodland statute was inappropriately raised by appellants as New Matter which was appended to their Reply to Sun Pipe Line's New Matter. Sun Pipe Line, however, failed to raise an objection to this alleged defect either by preliminary objection, answer or reply; thus, the objection was waived. See Pa.R.Civ.P. 1032(a) (a party waives all objections to pleadings which are not presented either by preliminary objection, answer or reply).

ment over the premises pursuant to 68 P.S. § 411.[5] The trial court granted appellants' motion for summary judgment and denied Sun Pipe Line's cross-motion for summary judgment.

On appeal, the Superior Court affirmed the lower court's finding that the express easement was granted pursuant to a life estate and thus was not perpetual. The Superior Court also found that the trial court correctly determined that an easement had not arisen by implication. However, the Superior Court determined that a genuine issue of material fact existed as to whether a prescriptive easement had arisen over the premises. Specifically, the Superior Court found that a genuine issue existed as to whether Sun Pipe Line's use became hostile to all subsequent owners of the premises. Thus, the Superior Court vacated the trial court's order granting appellants' motion for summary judgment and remanded the matter for trial on the merits. For the reasons expressed below, we now reverse the judgment of the Superior Court and reinstate the order of the trial court.

 Summary judgment may be granted only when it is clear from the pleadings and all of the evidence, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b); *Marks v. Tasman,* 527 Pa. 132, 134, 589 A.2d 205, 206 (1991); *Thompson Coal Company v. Pike Coal Company,* 488 Pa. 198, 204, 412 A.2d 466, 468 (1979). Summary judgment is appropriate only in the clearest of cases which are free from doubt. *Thompson Coal Company,* 488 Pa. at 204, 412 A.2d at 468. Moreover, the party moving for summary judgment has the burden of proving that there is no genuine issue of material fact. *Id.,* 488 Pa. at 204, 412 A.2d at 469.

 At the outset, we note that John Staub could only grant the easement for the duration of his life estate.[6] In

5. We also note that the trial court found that the aerial photographs taken in 1959 and 1987 showed no visible or physical evidence of the pipeline thereby corroborating appellants' claim that they were unaware of the existence of the pipeline.

6. "Life interest" is defined as "[a] claim or interest in real or personal property, not amounting to ownership, and limited by a term of life,

accordance with his limited property interest, the express language of the 1930 easement limited John Staub's right to grant the easement insofar as he had "the right to do so." This "qualified" grant coupled with the recorded deed demonstrating that John Staub had only a life estate in the property amply supports the lower courts' conclusion that the permissive easement expired with John Staub's demise in 1942.[7]

██ Therefore, we turn to the issue of whether a material issue of fact existed regarding whether Sun Pipe Line acquired a prescriptive easement over appellants' premises after its permissive easement expired in 1942. A prescriptive easement is created by adverse, open, continuous, notorious and uninterrupted use of land for twenty-one years.[8] *Boyd v. Teeple*, 460 Pa. 91, 94, 331 A.2d 433, 434 (1975); *Bodman v. Bodman*, 456 Pa. 412, 414, 321 A.2d 910, 912 (1974). Sun Pipe Line advances that an issue of material fact existed regarding the existence of a prescriptive easement because their continuous use of the easement after the life tenant's death was inherently hostile to all subsequent owners of the property and thus appellants should have been put on notice of Sun Pipe Line's hostile use of their land.[9] Appellants, however,

either that of the person in whom the right is vested or that of another." Black's Law Dictionary 924 (6th ed. 1990).

7. It is equally apparent that the circumstances of the 1930 easement did not transform the permissive easement into an easement by implication since an implied easement may arise only where the terms of the grant and the surrounding circumstances show that the intent of the parties was to create an easement by implication. *Nord v. Devault Contracting Co.*, 460 Pa. 647, 651, 334 A.2d 276, 278 (1975); *see Sentz v. Crabbs*, 428 Pa.Super. 205, 208, 630 A.2d 894, 895 (1993) ("An easement by implication arises after it is clear that a particular division of property was created by a common grantor and, without specifying that an easement over one of the estates was granted, by implication the use of the parcel would not be possible without the existence of the easement"). Here, the facts and circumstances simply do not give rise to an easement by implication. To the contrary, the language of the recorded deed and the terms of the grant expressly limited John Staub's interest in the property to a life estate.

8. It is clear that Sun Pipe Line would meet the requisite twenty-one year time period.

9. In this regard, Sun Pipe Line contends that during the prescriptive period it conducted various tests to evaluate the strength and integrity

contend that regardless of whether or not Sun Pipe Line has met the necessary elements required to establish a prescriptive easement, Sun Pipe Line is strictly prohibited from obtaining a prescriptive easement over their property because appellants' premises is subject to the unenclosed woodland statute. We agree.

The Act of 1850 states:

No right of way shall be hereafter acquired by user, where such way passes through· uninclosed woodland; but on clearing such woodland, the owner or owners thereof shall be at liberty to enclose the same, as if no such way had been used through the same before such clearing or inclosure.

Act of April 25, 1850 P.L. 569, § 21, reenacted and amended by the Act of July 1, 1981, P.L. 198, No. 61, § 1; 68 P.S. § 411. In interpreting this statute, it has been consistently held that a prescriptive easement may not be acquired through unenclosed woodland. *Kurtz v. Hoke,* 172 Pa. 165, 173, 33 A. 549, 550 (1896); *Tomlinson v. Jones,* 384 Pa.Super. 176, 181, 557 A.2d 1103, 1105 (1989); *Humberston v. Humbert,* 267 Pa.Super. 518, 521, 407 A.2d 31, 32 (1979); *Trexler v. Lutz,* 180 Pa.Super. 24, 27, 118 A.2d 210, 211 (1955).

For example, in *Kurtz v. Hoke,* 172 Pa. 165, 33 A. 549 (1896), this Court was faced with the issue of whether the trial court erred in instructing the jury that a roadway which traversed through the plaintiff's unenclosed woodland for more than 21 years could give rise to a right-of-way by prescription if the jury found that a substantial part of that same roadway ran through other lands which had been enclosed. This Court found that the trial court erred in its

of the pipeline. Sun Pipe Line also asserts that in compliance with federal regulations, it conducted regular inspections of the pipeline in order to check for leaks, line exposures, obstructions, etc. These inspections were primarily carried out by aerial surveillance although in some instances Sun Pipe Line contends that it utilized "line-walkers", who actually walk along the length of the pipeline in order to inspect the surface conditions. However, as discussed *supra* at n. 3, Sun Pipe Line's affidavit fails to demonstrate that these specific measures were carried out along the easement in question. Moreover, regardless of the lack of specificity in the affidavit, as discussed, 68 P.S. § 411, precludes prescriptive easements over unenclosed woodland.

instruction, holding that the unenclosed woodland statute was "so plain, that it admits of but one meaning, viz: that a right by prescription to a road through uninclosed woodland cannot be obtained." *Kurtz v. Hoke,* 172 Pa. at 173, 33 A. at 550.

In *Humberston v. Humbert,* 267 Pa.Super. 518, 407 A.2d 31 (1979), the plaintiffs brought suit in 1977 alleging that they were entitled to a prescriptive easement over the defendants' land because the roadway which passed through the property had been used for over 75 years. The Superior Court, however, held that because the property was unenclosed woodland prior to 1964 (the year in which the property had been improved), 68 P.S. § 411 "prohibited the acquisition of a prescriptive easement over defendants' land." *Humberston,* 267 Pa.Super. at 521, 407 A.2d at 32. *See McCormick v. Camp Pocono Ridge, Inc. II,* 781 F.Supp. 328, 333 (M.D.Pa. 1991) ("under Pennsylvania law a right-of-way may not be acquired by prescription through unenclosed woodland") (citations omitted); *see also, Tomlinson v. Jones,* 384 Pa.Super. 176, 181, 557 A.2d 1103, 1106 (1989) (apparent purpose of 68 P.S. § 411 is to protect the owners of woodland property from unknown and undesired encroachment upon their property).

In applying 68 P.S. § 411 and determining whether woodlands are "unenclosed" it has been held that the land itself is determinative. *Humberston v. Humbert,* 267 Pa.Super. 518, 520–521, 407 A.2d 31, 32 (1979). *See McCormick v. Camp Pocono Ridge, Inc. II,* 781 F.Supp. 328, 333 (M.D.Pa.1991) ("It is beyond question that the words 'uninclosed woodland' in this statute refer to a wooded area which is not enclosed by a fence or some other barrier") (footnotes omitted). In the instant matter, appellants established through their affidavit, the affidavit of their surveyor, Gerald Fisher, and through aerial photographs taken in 1959 and 1987, that the premises were in fact heavily forested, that appellants intended to preserve the natural setting of the premises, and that the premises were not enclosed by a fence or any other artificial barrier. Moreover, the trial court held that Sun Pipe Line failed to produce competent evidence demonstrating that the premises were not unenclosed. Accordingly, because the acquisition of a pres-

criptive easement through unenclosed woodland is strictly prohibited by 68 P.S. § 411, the trial court correctly determined that all genuine issues of material fact in this matter were resolved. Therefore, the order of the trial court declaring that appellants are the sole owners of the premises and that Sun Pipe Line has no right to or interest in the premises is hereby reinstated.

MONTEMURO, J., is sitting by designation.