ZULICK, J.,
This case is before the court on defendant CBK Mountain Adventures’ (CBK) motion for summary judgment. Plaintiff Tracy Giambalvo-Blaha filed a complaint on May 14, 2013 in which she alleged that she fell while walking on a path at Camelback resort after watching her daughter leave a zip line station. CBK filed an answer on June 11, 2013 and a motion for summary judgment on September 25, 2014. The case was listed for argument on November 3, 2014. Both parties filed briefs and argued their positions on that date.
DISCUSSION
Summary judgment may be granted pursuant to Pa. *154 R.C.P. 1035.2 where there is no genuine issue of material fact and where the moving party is entitled to judgment as a matter of law. Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b); Cosmas v. Bloomingdales Bros., Inc., 660 A.2d 83, 85 (Pa. Super. 1995).
Summary judgment may be granted only in cases where the right is clear and free from doubt. Musser v. Vilsmeier Auction Co. Inc., 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. Davis v. Pennzoil Co., 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. Long v. Yingling 700 A.2d 508, 512 (Pa. Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Thompson, 412 A.2d at 469.
In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. Phaff v. Gerner, 303 A.2d 826 (Pa. 1973). The court must also accept as true all well-pled facts contained in the non-moving party’s pleadings. Mattia v. Employers Mat. Cos, 440 A.2d 616 (Pa. Super. 1982); Ritmanich v. Jonnel Enters. Inc., 280 A.2d 570 (Pa. Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the defendant *155 has adequate knowledge and that the means of information are within the control of the defendant. Elia v. Olszewski, 84 A.2d 188 (Pa. 1951). While all doubts are resolved against the moving party, summary judgment should be granted where the moving party’s right is “clear and free from doubt.” Martin v. Sun Pipe Line Co., 666 A.2d 637, 639 (Pa. 1995).
The facts presented in Ms. Giambalvo-Blaha’s deposition are as follows. On May 31, 2011, plaintiff, her husband and their 14 year old daughter went to CBK Mountain Adventures where her daughter intended to ride the zip-line. Plaintiff’s deposition, NT 24, 30, 41. The weather was beautiful that day. Id. at 30-31. The family bought tickets, and plaintiff walked with her husband and daughter up a path to the zip line station. Id. at 30. The beginning of the path consisted of smooth rock and gravel, but the path became more uneven as the family walked up the mountain. Id. at 35-36. “There were larger rocks, there were loose rocks, there was gravel, there was flatter spaces, there were a few dips, and — and then that’s the way it was going up to the top.” Id. at 36. The walk to the top took about five minutes, and the path was fully visible. Id. Plaintiff took the most walked-upon path to the station. Id. NT 39. Near the top of the path, she took a picture of her daughter who was harnessed and travelling down the zip line. Id. NT 40, 41, 43.
Ms. Giambalvo-Blaha then turned and began to walk back down the path in the direction from which she had come. She testified: “my goal was to walk down the mountain and greet my daughter; and instead, my daughter was running up to me to want to go again. And at that *156 point, going down the mountain is when I fell.” Plaintiff’s deposition, NT 46. Plaintiff continued:
[I]t was a very, very uneven path. There were a lot of loose natural rocks that were on the path. There were rolling rocks and there were a few dips. It was a very, very uneven path. It was a mountain path. And I must have rolled over- a rock beneath my sneaker. My ankle had turned outward and I went down on my knee and my hands and fell to the side.
Id. at 47.
Plaintiff understood that she was walking up a mountain path. She was able to see the entire path as she was walking up it. Id. at 54. Plaintiff circled the area of Exhibit D-ll to show the approximate condition of the path where she fell. Id. at 58. This area of the path had a surface of large and small rocks, as well as gravel. Plaintiff testified that she “landed on the bigger rocks.” Id. at 57. She was aware that there were “a lot of loose rocks, I was aware that it was an uneven, ungraded, unmaintained path to get to the destination.” Id. at 59.
To establish negligence, a plaintiff must establish (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damage. Pittsburgh National Bank v. Perr, 631 A.2d 334, 336 (Pa. Super. 1996), citing Morena v. South Hills Health System, 462 A.2d 680, 684 n. 5 (Pa. 1983).
The first question presented here is whether there was a duty owed to Ms. Giambalvo-Blaha by CBK under the *157 circumstances presented according to Ms. Giambalvo-Blaha’s testimony. The standard of care a possessor of land owes to one who enters upon the land depends upon the latter’s status as a trespasser, licensee, or invitee. Gutteridge v. A.P. Green Services, Inc. 804 A.2d 643, 655-656 (Pa. Super. 2002). CBK acknowledges that Ms. Giambalva-Blaha was an invitee.
Possessors of land owe a duty to protect invitees from foreseeable harm. Restatement (Second) of Torts §§ 341 A, 343 & 343A(1965). With respect to conditions on the land which are known to or discoverable by the possessor, the possessor is subject to liability only if he:
“(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and
(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
(c) fails to exercise reasonable care to protect them against the danger.”
Restatement, supra, § 343.
Thus, as is made clear by section 343A of the Restatement:
[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate *158 the harm despite such knowledge or obviousness.
Restatement, supra, §343A.
The law of Pennsylvania does not impose liability if it is reasonable for the possessor to believe that the dangerous condition would be obvious to and discovered by his invitee. Atkins v. Urban Redevelopment Auth. of Pittsburgh, 414 A.2d 100, 104 (Pa. 1980). A danger is deemed to be “obvious” when “both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment.” Restatement, supra, § 343A, Comment b. For a danger to be “known,” it must “not only be known to exist, but... also be recognized that it is dangerous and the probability and gravity of the threatened harm must be appreciated.” Id
The Pennsylvania Supreme Court considered an analogous situation in Carrender v. Fitterer, 469 A.2d 120 (Pa. 1983). In Carrender, a patient going to see her chiropractor parked her car on a patch of ice in the doctor’s lot. Other parking spaces in the lot were free of ice. As she got out of her vehicle, she realized she was on a sheet of ice. She exited the vehicle anyway and successfully made it into the doctor’s office. On her return, she fell on the ice. Our supreme court held that the owner of the parking lot had no duty to the plaintiff:
[T]he existence of the ice was obvious to a reasonably attentive invitee, but also that appellee herself was aware of the ice and appreciated the risk of traversing it. Before alighting from her vehicle, appellee knew both that a *159 sheet of ice lay next to the driver’s side of the parking space which she had selected and that this condition presented a danger. She nevertheless proceeded across the ice, both when she emerged from her car and again on her return to the car. There was nothing presented on the record to indicate that, notwithstanding the obviousness of the danger, appellants should have anticipated that the patch of ice might go unnoticed by appellee or any other patient; on the contrary, appellants could reasonably expect that, in light of the number of clear, convenient spaces available, appellee and other invitees would recognize the danger posed by the ice and choose to park in another, ice-free space to avoid it. See Restatement, supra, § 343A comment g.
Carrender, supra at 124.
Although the question of whether a danger was known or obvious is usually a question of fact for the jury, the question may be decided by the court where reasonable minds could not differ as to the conclusion. See Id.; Restatement, supra, § 328B, Comments c — d.
Ms. Giambalvo-Blaha’s deposition testimony established that the condition of the rocky, hilly path was obvious to a reasonably attentive guest of CBK. She testified that the weather was beautiful that day and that the condition, grade, and surface of the path were visible and known to her. She hiked up the path without incident. Although she characterized the path as uneven with loose rocks, she was fully aware of what lay ahead as she continued walking. The pictures of the conditions where she fell showed that she had the ability to avoid the areas *160 of larger rocks if she was uncertain of her footing there. Being fully aware of the conditions of the trail as she was walking, and before she encountered them, she proceeded up the trail to the top and fell upon her return.
Plaintiff argues that even though the trail conditions were obvious to her, CBK should have anticipated that she would step on an unstable rock in the path and fall. On the contrary, Camelback could reasonably expect that its visitors would recognize the danger posed by the rocky surface and avoid stepping on a loose, unstable stone. The picture of the path in D-ll shows that the path offered smooth gravel adjacent to the larger stones where plaintiff fell. Plaintiff was aware she was not walking on a highly improved or asphalt walkway. This was a short hike on a natural trail that required some care in foot placement.
CBK had no duty to protect Ms. Giambalvo-Blaha from the conditions that led to her unfortunate fall and injury.
ORDER
And now, this 16th day of January, 2015, upon consideration of defendant CBK Mountain Adventures’ motion for summary judgment, plaintiffs’ response thereto, legal briefs, and arguments of the respective parties, it is ordered that:
1. Defendant’s motion for summary judgment is granted.
2. The prothonotary is directed to enter judgment in favor of the defendant.